UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDDY SANTOS LAMAR, individually and on behalf of those individuals similarly situated, | **COMPLAINT** |
| Plaintiff, | **CASE NO.:** |
| - against - | |
| MASSAPEQUA DINER, INC., MASSAPEQUA DINER REALTY, LLC, VALENTINO ZARBOUTIS, NIKOLAOS GLYKOS, "JOHN DOE #1", "JOHN DOE #2" and "JOHN DOE #3", | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, **EDDY SANTOS LAMAR** ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I.     PRELIMINARY STATEMENT

1.  Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2.  Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery from Defendants: (1) statutory minimum wage for all hours worked;

1

(2) overtime compensation for all hours worked in excess of forty (40) hours per week; (3) spread of hours pay for days worked in excess of ten (10) hours per day; (4) any and all relief due and owing to Plaintiff for Defendants' failure to provide proper meal periods; (5) any and all relief due and owing to Plaintiff for Defendants' failure to maintain employment records; (6) interest on all compensation Defendants withheld; (7) an award of $5,000.00; the maximum penalty for violations of NYLL § 195; (8) liquidated damages; and (9) attorneys' fees and costs.

3. Plaintiff further alleges he is entitled to recover from Defendants for unlawful conversion of monies rightfully due and owing, and in the alternative recovery under the equitable theories of unjust enrichment and *quantum meruit.*

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Nassau.

7. This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

8. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

9. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who work or have worked for Defendants.

10. At all relevant times, Plaintiff and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage and overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

11. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests as well as their own interests in bringing this action.

12. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

3

13. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide minimum wage and overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

14. The Collective Action Members are similarly situated to Plaintiff in that they were each employed by Defendants as non-exempt employees and were systematically denied minimum wage and premium overtime pay for hours worked beyond forty (40) in each workweek.

15. They are further similarly situated in that Defendants maintained a policy and practice of knowingly and willfully failing to provide employees with an overtime premium.

16. The exact number of such individuals in presently unknown, but is known by Defendants and can (and will) be ascertained in the course of discovery.

### III. PARTIES

17. Plaintiff, **EDDY SANTOS LAMAR** (*hereinafter* "Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York, residing in Freeport, New York.

18. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

4

19. Upon information and belief, Defendant, **VALENTINO ZARBOUTIS**, was at all times relevant herein, a domiciliary of the State of New York.

20. Upon information and belief, Defendant, **NIKOLAOS GLYKOS**, was at all times relevant herein, a domiciliary of the State of New York.

21. Upon information and belief, Defendant, **"JOHN DOE #1"**, was at all times relevant herein, a domiciliary of the State of New York.

22. Upon information and belief, Defendant, **"JOHN DOE #2"**, was at all times relevant herein, a domiciliary of the State of New York.

23. Upon information and belief, Defendant, **"JOHN DOE #3"**, was at all times relevant herein, a domiciliary of the State of New York.

24. Upon information and belief, Defendant **MASSAPEQUA DINER, INC.**, is a domestic business corporation (Restaurant) operating at 4420 Sunrise Hwy, Massapequa, New York 11758.

25. Upon information and belief, Defendant **MASSAPEQUA DINER REALTY, LLC**, is a domestic business corporation operating at 4420 Sunrise Hwy, Massapequa, New York 11758.

26. Upon information and belief, Defendant **VALENTINO ZARBOUTIS** was owner, or part owner and principal of Defendant **MASSAPEQUA DINER, INC. and MASSAPEQUA DINER REALTY, LLC,** and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of

payment of employees; and (4) maintained employment records for all the related entities.

27. Upon information and belief, Defendant **NIKOLAOS GLYKOS** was owner, or part owner and principal of Defendant **MASSAPEQUA DINER, INC. and MASSAPEQUA DINER REALTY, LLC**, and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

28. Upon information and belief, Defendant **"JOHN DOE #1"** was a controlling and supervisory agent of Defendant **MASSAPEQUA DINER, INC.**, and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

29. Upon information and belief, Defendant **"JOHN DOE #2"** was a controlling and supervisory agent of Defendant **MASSAPEQUA DINER, INC.**, and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

30. Upon information and belief, Defendant "**JOHN DOE #3**" was a controlling and supervisory agent of Defendant **MASSAPEQUA DINER, INC.**, and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

31. At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

32. Upon information and belief, at all times relevant herein, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of the restaurant.

33. Upon information and belief, at all times relevant herein, each Defendant employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of the restaurant.

34. Upon information and belief, at all times relevant to the Complaint, each Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of the restaurant.

7

35. Upon information and belief, at all times relevant to the Complaint, each Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of restaurant.

## IV.  FACTS

36. Plaintiff repeats and realleges each and every allegation contained herein.

37. Plaintiff was hired by Defendants in or around January, 2009, to work in their kitchen.  Plaintiff has worked for Defendants from his date of hire through the present in such a capacity.

38. Plaintiff has no formal training and his duties required no advanced knowledge, skill and/or expertise.

39. From his hire in 2009 until 2013, Plaintiff regularly worked a weekly schedule of 11:00 a.m. until 9:00 p.m. every Monday, Tuesday, Wednesday, Thursday, Saturday, and Sunday.

40. Accordingly, Plaintiff regularly worked no fewer than sixty (60) hours per week.

41. Despite this fact, Defendants paid Plaintiff a flat rate of $360.00 per week, regardless of the number of hours worked.

42. Plaintiff was paid exclusively in cash.

8

43. Consequently, Plaintiff was paid $6.00 per hour, a rate below the applicable minimum wage for all hours worked in violation of the FLSA and NYLL.

44. In addition to not paying Plaintiff the applicable minimum wage, Defendants failed to compensate him at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

45. Plaintiff is a "non-exempt" employee who is eligible for overtime premiums for all hours worked in excess of forty (40) per week.

46. Accordingly, Plaintiff regularly worked approximately twenty (20) hours of overtime per week.

47. In addition, Defendants routinely held Plaintiff after his scheduled shift without compensation.

48. In 2013, Plaintiff's work schedule and weekly salary were changed.

49. From 2013 until the present, Plaintiff regularly worked a weekly schedule of 8:00 a.m. until 6:00 p.m. every Monday, Tuesday, Thursday, Friday, Saturday, and Sunday.

50. Accordingly, Plaintiff regularly worked no fewer than sixty (60) hours per week.

51. Despite this fact, Defendants paid Plaintiff a flat rate of $510.00 per week, regardless of the number of hours worked.

52. Plaintiff was paid exclusively in cash.

53. Consequently, Plaintiff was paid $8.50 per hour, a rate below the applicable minimum wage for all hours worked in violation of the NYLL.

54. In addition to not paying Plaintiff the applicable minimum wage, Defendants failed to compensate him at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

55. Plaintiff is a "non-exempt" employee who is eligible for overtime premiums for all hours worked in excess of forty (40) per week.

56. Accordingly, Plaintiff regularly worked approximately twenty (20) hours of overtime per week.

57. In addition, Defendants routinely held Plaintiff after his scheduled shift without compensation.

58. At all times relevant herein, Plaintiff performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

59. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYYL by failing to maintain accurate time and attendance sheets and payroll records.

60. Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R §516.4 and the NYLL, N.Y.C.R.R. 12 § 137-2.3.

61. Defendants refused to provide Plaintiff time off for meal periods as required by law.

62. Despite working more than ten (10) hours per day, Plaintiff was not compensated an additional hour's pay when he worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

63. During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

64. Plaintiff repeats and re-alleges each and every allegation contained herein.

65. During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage.

66. Defendants are each an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

67. Plaintiff is an employee, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

68. Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at least the statutory minimum wage.

11

69. As set forth above, Plaintiff did not receive the statutory minimum wage for all hours worked.

70. Consequently, by failing to pay the statutory minimum wage, Defendants violated the governing provisions of the FLSA.

71. Upon information and belief, Defendants' failure to pay minimum wage was willful.

72. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

73. Upon information and belief, the records concerning the number of hours worked by Plaintiff, and those individuals similarly situated, as well as the compensation they received in each workweek are in the exclusive custody and control of Defendants.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – NYLL Violation)

74. Plaintiff repeats and realleges each and every allegation contained herein.

75. During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage.

76. Defendants are each an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

77. Plaintiff is an employee within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

78. 12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer."

79. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

80. Plaintiff did not receive the statutory minimum wage for all hours worked.

81. Consequently, by failing to pay the statutory minimum wage, Defendants violated the New York Labor Law § 190, et seq.

82. Upon information and belief, Defendants' failure to pay minimum wage was willful.

83. By the foregoing reasons, Defendants are liable to Plaintiff an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

84. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendants.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

85. Plaintiff repeats and realleges each and every allegation contained herein.

86. Defendants are each an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

87. Plaintiff is an employee within the meaning contemplated, under 29 U.S.C. § 203(e).

88. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

89. Plaintiff worked in excess of forty (40) hours per week, every week.

90. Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

91. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

92. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

93. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

94. Plaintiff repeats and re-alleges each and every allegation contained herein.

95. Defendants are each an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

96. Plaintiff is an employee within the meaning contemplated, pursuant to 12 NYCRR §142-2.14 and the supporting NYDOL Regs.

97. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

98. Plaintiff worked in excess of forty (40) hours per week, every week.

99. Plaintiff did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

100. Consequently, by failing to pay to overtime compensation, Defendants violated 12 NYCRR § 142-2.2.

101. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

102. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.2 and is

15

liable to Plaintiff, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

103. Plaintiff repeats and realleges each and every allegation contained herein.

104. Defendants are each an employer, within the meaning contemplated, under NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

105. Plaintiff is an employee within the meaning contemplated, under NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

106. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

107. Upon information and belief, Defendants failed to pay Plaintiff an additional hour's pay when they worked more than ten (10) hours in a day.

108. Plaintiff regularly worked in excess of ten (10) hours per day.

109. Consequently, by failing to pay an additional hour's pay when Plaintiff worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

110. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

111. Plaintiff repeats and realleges each and every allegation contained herein.

112. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

113. Defendants did not provide Plaintiff with a wage notice as required by NYLL § 195.

114. Consequently, Plaintiff, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

115. For the foregoing reasons, Defendants violated NYLL § 195 and are subject to the maximum penalty for violations NYLL § 195.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Maintain Records – FLSA Violation)

116. Plaintiff repeats and realleges each and every allegation contained herein.

117. Upon information belief, Defendants failed to preserve requisite payroll

17

records mandated by 29 C.F.R § 516.

118. Upon information and belief, Defendants failed to maintain accurate payroll records showing for each employee their, *inter alia*: (1) name as used for Social Security recordkeeping purposes; (2) home address; (3) date of birth; (4) sex and occupation in which employer; (5) time of day and day of week on which the workweek begins; (6) hourly rate of pay, including the basis of pay by indicating the monetary amount paid per hour, per day and per week; (7) hours worked each workday and the total hours worked each workweek; (8) total wage paid each pay period; and (9) date of wage payment and the pay period covered by the payment.

119. For the foregoing reasons, Defendants violated 29 C.F.R § 516, thereby entitling Plaintiff to damages at an amount to be determined at trial, plus interest, litigation costs, and reasonably attorneys' fees.

## EIGHTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

120. Plaintiff repeats and realleges each and every allegation contained herein.

121. NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances, if any, claimed by

18

the minimum wage; and (6) net wages. N.Y. Lab. Law §§ 195(4) & 661.

122. NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

123. Upon information and belief, Defendants failed to maintain true and accurate payroll records for Plaintiff, for the applicable statutory period.

124. By the foregoing reasons, Defendants violated NYLL §§ 195(4) & 661 and are liable to Plaintiff, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, along with injunctive relief.

## NINTH CLAIM FOR RELIEF
### (Conversion)

125. Plaintiff repeats and realleges each and every allegation contained herein.

126. Defendants failed to compensate Plaintiff for wages earned during the course of his employment with Defendants.

127. As a result, Defendants improperly interfered with rights of Plaintiff to immediate possession of the full amount of these wages.

128. As a direct result of Defendants' unlawful conversion of Plaintiff's compensation and all to which he is (and are) entitled to immediate possession, Plaintiff has suffered, and continue to suffer, substantial economic damages.

129. Defendants' unlawful conduct was knowing, malicious, willful and wanton

19

and/or showed a reckless disregard for Plaintiff, warranting an award of monetary damages against Defendants.

### TENTH CLAIM FOR RELIEF
### (Unjust Enrichment and *Quantum Meruit*)
### (Plead in the Alternative)

130. Plaintiff repeats and realleges each and every allegation contained herein.

131. Plaintiff performed numerous and valuable services at the behest of and on behalf of Defendants.

132. Plaintiff was not paid for the reasonable value of those services.

133. Defendants are unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiff.

134. By reason of the forgoing, Defendants are liable to Plaintiff in an amount to be determined at trial.

### V.    DEMAND FOR JURY TRIAL

135. Plaintiff repeats and realleges each and every allegation contained herein.

136. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiff and those individuals similarly situated, respectfully request this Court grant the following relief:

    a) On the First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth Causes of Action, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b) On the Sixth Claim for Relief, an award up to the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiff a reasonable sum for expenses pursuant to the NYLL §§ 198 and 12 NYCRR §142-2.2;

d) Declare Defendants violated the FLSA and NYLL;

e) Enjoining the Defendants from further acts in violation of the FLSA and NYLL;

f) An award of liquidated damages where allowed by statute;

g) Defendants be ordered to pay Plaintiff pre and post judgment interest;

h) Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

i) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
June 6, 2017

ZABELL & ASSOCIATES, PC
*Attorneys for Plaintiff*

By: _____

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com